**JAMES JACKMAN, Plaintiff**

v.

**CEDRIC HEYLIGER, DIRECTOR OF THE UNEMPLOY-
MENT INSURANCE SERVICE, EMPLOYMENT
SECURITY AGENCY, GOVT. OF THE
VIRGIN ISLANDS, Respondent**

Civil No. 83/271

District Court of the Virgin Islands

Div. of St. Croix

February 23, 1984

JAMES JACKMAN, Frederiksted, St. Croix, V.I., *petitioner, pro se*

CEDRIC HEYLIGER, Director, Unemployment Insurance Service, Employment Security Agency, St. Thomas, V.I., *respondent, pro se*

O'BRIEN, *Judge*

## MEMORANDUM OPINION AND ORDER

James Jackman (hereafter "petitioner") is before this Court on Writ of Review appealing a decision of the Virgin Islands Employment Security Agency (hereafter "Agency") denying him unemployment compensation benefits pursuant to 24 V.I.C. § 304(b)(3) (Supp. 1982). As we find that the Agency's decision is supported in the record by substantial evidence, we affirm the decision below.

## FACTS

On April 11, 1983, petitioner, a bus driver, was discharged from his position with Abramson's Enterprises, Inc. (hereafter "Employer") for transporting students from areas not authorized by the Department of Education after several warnings. On May 18, 1983, petitioner was denied unemployment compensation because he was terminated for misconduct connected with his job. Upon rehearing, the Agency affirmed the denial of benefits. This appeal followed.

## DISCUSSION

This Court's role in reviewing a determination in an unemployment compensation case is limited in scope. Unemployment Compensation Commission v. Aragon, 329 U.S. 143 (1946). We are only to determine whether there is substantial evidence in the record before us to support the facts as found by the administrative agency below. Brown v. Harris, 1980 St. T. & St. J. Supp. 405 (Sept. 18, 1980); Donastorg v. Government Employee Services Commission, 285 F.Supp. 111 (D.V.I. 1968). Substantial evidence has been defined as "such relevant evidence as a reasonable mind might accept ás adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); Donastorg, supra, at 112. The determina-

tion of what amount of evidence is substantial is a matter of law to be determined by the Court upon a considered evaluation of the entire record. Lewes Dairy, Inc. v. Freeman, 401 F.2d 308 (3d Cir. 1968), cert. denied, 394 U.S. 929 (1969); Hayes v. Celebreze, 311 F.2d 648 (3d Cir. 1963).

On the date of his termination, petitioner was driving a bus from Frederiksted to St. Dunstan's School. When he reached the Mon Bijou intersection he discharged two children wearing distinctly different uniforms than the other children. This was in violation of the employer's rules. Both the employer and the Department of Education had stated that such conduct could cause serious legal consequences. Petitioner received warnings admonishing him against such behavior in December 1982, January 1983 and on April 8, 1983.

The Hearing Examiner below held that petitioner was given instructions from his employer regarding his route and the students that should be picked up. In light of the repeated warnings given petitioner by his employer, such behavior constituted misconduct, and as petitioner was discharged for misconduct, he was not now eligible for unemployment compensation.[1] Petitioner seeks reversal asserting that neither his supervisor nor his employer explained to him what to do with unauthorized students, and that he did not wilfully pick up these students.

██ It is true that not every violation of employment procedure which constitutes a proper basis for an employee's dismissal constitutes misconduct warranting denial of unemployment benefits. See, e.g., Hodges v. Everett, 617 S.W.2d 29 (Ark. Ct. App. 1981), Hawkins v. District Unemployment Compensation Bd., 381 A.2d 619 (D.C. App. 1977); Simmons v. Department of Employment, 581 P.2d 336 (Idaho 1978); Sheink v. Maine Dept. of Manpower Affairs, 423 A.2d 519 (Me. 1980). As used in the unemployment compensation statute misconduct means an act of wanton or wilful disregard of an employer's interests, a deliberate violation of the employer's rules, a disregard for the standards of behavior which an employer has the right to expect from an employee, or negligence indicating an inten-

---

[1] 24 V.I.C. § 304(b)(3) (Supp. 1982) states that a worker will not be eligible for unemployment benefits if he was discharged for misconduct connected with his most recent work, in which case he shall be disqualified for the week in which he was discharged and beginning with the first day of the week following the week in which he was discharged until he has worked in at least four subsequent weeks (whether or not consecutive) and earned not less than four times his weekly benefit amount.

tional disregard of the employer's interest or of employee's duties and obligations to the employer. Ramirez v. Heyliger, 1983 St. X. Supp. (D.V.I. Aug. 1, 1983); Robinson v. Commissioner, 429 A.2d 774 (Pa. Commw. Ct. 1981).

█ The record before us reveals that petitioner understood exactly who he should and should not pick up. He also admits to having received three prior warnings, and although they concerned different schedules, they pertained to the same behavior. (Hearing Tr. at 9–11.) As there is no evidence before the Court that petitioner was unaware of his duties or employer's reasonable rules, we find substantial evidence in the record of misconduct.

The Court will, therefore, not disturb the Agency's findings herein and the decision of the Hearing Officer is hereby affirmed.

### ORDER

THIS MATTER is before the Court on Writ of Review to review a final order of the Virgin Islands Employment Security Agency denying petitioner unemployment compensation. The Court having filed its Memorandum Opinion of even date herewith, and the premises considered, now therefore it is

ORDERED:

THAT the Agency's decision denying petitioner herein unemployment compensation be and the same hereby is AFFIRMED.