# HENRY CHARLES, Plaintiff
## v.
# THE DAILY NEWS PUBLISHING COMPANY, INC., Defendant

Civil No. 672/1993

Territorial Court of the Virgin Islands

Div. of St. Croix

February 15, 1994

JEFFREY B.C. MOORHEAD, ESQ., Christiansted, St. Croix, V.I., *for plaintiff*

STEPHEN C. EISENHARDT, ESQ., (LAW OFFICES OF DUDLEY, CLARK & CHAN), St. Thomas, V.I., *for defendant*

PETERSEN, *Senior Sitting Judge*

## MEMORANDUM OPINION AND ORDER

This matter comes before this Court on Plaintiff's Motion for Summary Judgment. Upon consideration of the memorandums in support and opposition of the Motion for Summary Judgment, Plaintiff's motion is hereby DENIED.

## FACTS

Defendant terminated Plaintiff's employment on June 28, 1993. Thereafter, Plaintiff filed for unemployment benefits with the Virgin Islands Employment Security Agency (hereinafter "VIESA") on July 9, 1993. Upon consideration of Plaintiff's eligibility for unemployment insurance benefits, VIESA found that there was no evidence of willful or deliberate misconduct in connection with Plaintiff's work to disqualify him under 24 V.I.C. §304(b)(3).

Subsequently, Plaintiff initiated this action for wrongful discharge against the Defendant. As a result of the determination by VIESA, Plaintiff filed a Motion for Summary Judgment alleging no issues of material fact exist since issue preclusion prevents Defendant from asserting Plaintiff willfully and intentionally disobeyed Defendant's instructions.

## DISCUSSION

The Plaintiff relies on the principles of issue preclusion in seeking Summary Judgment in his favor. In support of the Motion for Summary Judgment Plaintiff urges this Court to note VIESA Unemployment Insurance Service's "Notice of Nonmonetary Deter-

mination or Redetermination" decision that the Plaintiff was not disqualified under 24 V.I.C. §304(b)(3). VIESA found there was no evidence of willful or deliberate misconduct in connection with Plaintiff's work.

■ Issue preclusion prevents a party from relitigating an issue which has been previously decided. See, Restat. 2d §§27 & 28. When relying on the principles of issue preclusion a four prong test is applied:

(1) Was the issue determined in the prior action the same as that in the subsequent action?

(2) Was the party against whom the defense is invoked identical to or in privity with the party in the first action?

(3) Was the previous judgment final on the merits?

(4) Did the party have a full and fair opportunity to litigate on the merits?

Swineford v. Synder County Pennsylvania, et. al., slip opinion No. 92-7359 p. 13 (3d Cir. August 10, 1993) (citing Safeguard Mut. Ins. Co. v. Williams 345 A.2d 664, 668 (Pa. 1975).

■ This Court finds that the first prong of the test cannot be satisfied under the facts of this case. VIESA's sole purpose in making any judgments under the facts of this case was to determine the Plaintiff's eligibility for unemployment insurance. In this regards the agency was interpreting 24 V.I.C. §304(b)(3) as to whether the Plaintiff was discharged for misconduct connected with his most recent work, being his employment with the Defendant. Misconduct under the statute has been interpreted to mean an act of wanton or willful disregard of an employer's interests, a deliberate violation of the employer's rules, a disregard for standards of behavior which an employer has the right to expect from an employee or negligence indicating an intentional disregard of the employer's interest or of employee's duties and obligations to the employer. Jackman v. Heyliger, 20 V.I. 536, 538–39 (D.V.I. 1984).

■ This Court, however, must decide whether or not the Plaintiff was terminated within the parameters of 24 V.I.C. §76. At issue here is whether Plaintiff was wrongfully discharged, as opposed to the case with VIESA where unemployment insurance eligibility was the issue. Under 24 V.I.C. §76 there are various grounds listed for discharging an employee without necessarily having to find "misconduct" as defined under 24 V.I.C. §304(b)(3). Therefore it

36

cannot be found under these facts that this Court is faced with the identical issue decided by VIESA.

■ In differentiating seemingly contrasting cases on this issue, this Court finds that it is possible to find willful misconduct under §304(b)(3) which will preclude the losing party from further asserting a subsequent wrongful discharge claim while disallowing issue preclusion when no willful misconduct is found in the initial proceeding. See, Id. at 15 (citing Frederick v. American Hardware Supply Co., 557 A.2d 779, 781 (Pa. Super. 1989). In support of this position, this Court rationalizes that as in Frederick it can be found that willful misconduct is the equivalent of good cause to substantiate a termination. Id. However, a finding of no willful misconduct cannot likewise be interpreted to mean there is no good cause for termination since many other reasons may substantiate a discharge. See, 24 V.I.C. §76. The outcome of this evaluation tells this Court that there are really two different issues involved in the proceedings: (1) whether there was misconduct which will disqualify an individual from unemployment benefits, and (2) whether the individual was wrongfully discharged.

■ In addition to finding that the first prong of the test is not satisfied, this Court also finds that the Defendant did not have an opportunity to fully and fairly litigate on the merits during the VIESA eligibility proceedings and that such a requirement will counteract policy. See, Swineford, at 16–18. Defendant's involvement in the initial proceeding by VIESA was limited to a space of four lines on a form provided by VIESA in which Defendant was to explain in detail why the claimant (Plaintiff) was terminated. VIESA's sole purpose was to ascertain whether Plaintiff was eligible for unemployment benefits.

While the outcome of the proceedings might affect Defendant's payment of unemployment taxes so as to defray any costs to the government, there was no real incentive for Defendant to become engrossed in the VIESA proceeding. Further it would be against the policy of the Unemployment Compensation Laws of providing quick eligibility determinations to require the employer to fully litigate issues before VIESA. Id. at 16–17.

This Court finds that issue preclusion does not apply in this case for the reasons stated herein. Therefore, Plaintiff's Motion for Summary Judgment must be denied.

## ORDER

IN ACCORDANCE with the Memorandum Opinion entered herein, it is

ORDERED that Plaintiff's Motion for Summary Judgment be and it is hereby DENIED.