**CYNTHIA HARRILAL, Plaintiff**

**v.**

**GAIL BLACKWOOD and CANEEL BAY, INC., Defendants**

Civil No. 619/1998

Territorial Court for the Virgin Islands

Division of St. Thomas and St. John

December 13, 2001

VINCENT A. FULLER, JR., ESQ., Law Offices of Vincent A. Fuller, Jr., St. Thomas, V.I., *Attorney for Plaintiff*

SHARON SCHOENLEBEN, ESQ., Cruz Bay, St. John, *Attorney for Defendant Gail Blackwood*

CHARLES E. ENGEMAN, ESQ., Ogletree, Deakins, Nash, Smoak & Stewart, LLC, St. Thomas, V.I., *Attorney for Defendant Caneel Bay, Inc.*

HODGE, *Judge*

## MEMORANDUM OPINION

(December 13, 2001)

Before the Court is a Motion for Summary Judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, and a Supplemental Memorandum in Support of Defendant's Motion to Dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Both motions were filed by Defendant Caneel Bay, Inc. ("Caneel Bay"). Because federal law does not preempt the Virgin Islands wrongful discharge statute, Caneel Bay's Motion to Dismiss must be DENIED. Additionally, because the facts that are assessed in an unemployment compensation proceeding do not have a preclusive effect over a claim of tort liability for wrongful discharge, Plaintiff is not foreclosed under the doctrine of collateral estoppel from seeking judicial relief. Thus, Defendant Caneel Bay's Motion for Summary Judgment shall be DENIED.

## FACTS

Plaintiff Cynthia Harrilal ("Harrilal") brought suit against the defendants after she was involved in a verbal and physical altercation with Defendant Gail Blackwood ("Blackwood"), who also was a Caneel Bay employee. (Pl.'s Compl. ¶¶12-15). Harrilal alleged in Count II that Defendant Caneel Bay wrongfully discharged her, in violation of the Virgin Islands Wrongful Discharge Act ("WDA"), V.I. CODE ANN. tit. 24, § 76. (*Id.* ¶¶16-18). Caneel Bay filed its original Motion to Dismiss, in which it argued that the WDA was preempted by the National Labor Relations Act ("NLRA"), 29 U.S.C. §§ 151-169. (Def.'s Mem. Supp. Mot. Dismiss at 3-6). In her Opposition, Harrilal contended that Caneel

Bay's preemption argument did not apply to a non-union employee such as herself. (Pl.'s Mem. Opp. Mot. Dismiss at unmarked 1-3). While Caneel Bay's motion was pending, the Third Circuit announced its opinion in *St. Thomas-St. John Hotel & Tourism Ass'n v. Government of the Virgin Islands ("Hotel Association")*, 218 F.3d 232 (3d Cir. 2000), which addressed the preemption issue directly. This Court ordered Caneel Bay to supplement its Motion to Dismiss, (Order of Jul. 17, 2000), which resulted in the instant supplemental pleading.

Concurrently, Caneel Bay also filed its Motion for Summary Judgment. In support thereof, Caneel Bay submitted copies of documents, wherein a Virgin Islands Employment Security Agency ("VIESA") adjudicator found that Harrilal was discharged appropriately for willful misconduct. (Def.'s Notice Filing Exs. at ex. 1). A review of the adjudicator's decision reveals that the VIESA administrative law judge ("ALJ") found the following facts:

> [Harrilal] worked at Caneel Bay's Cinnamon Bay Camp Ground in the activities department. She was a sales lady and held that position beginning November 26, 1996[,] until a June 28, 1998[,] incident caused her termination. ... [Harrilal] and [Blackwood] became involved in what initially was a verbal confrontation [which] started out as [Harrilal's] simple desire to obtain cash for her cash register and degenerated into a contest of who possessed the most obscene tongue. After one insult proved to be too severe ... Blackwood attacked and struck [Harrilal] about the eye. ... Both combatants were subsequently terminated.

(*Id.* at ex. 4). The ALJ found that Harrilal's actions qualified as "misconduct *per se*" under the Virgin Islands Unemployment Insurance Act ("UIA"), V.I. CODE ANN. tit. 24, § 304(b)(3). (*Id.*). Harrilal did not appeal the ALJ's findings, thereby making the ALJ's determination a final decision.

## DISCUSSION

### 1. Motion to Dismiss

■ In its Supplemental Memorandum, Caneel Bay recommends that this Court stay its proceedings until the Third Circuit disposed of a pending motion to rehear *en banc Hotel Association*, (Def.'s

Supplemental Mem. Supp. Mot. Dismiss at 3), to which Harrilal agrees, (Pl.'s Mem. Opp. Mot. Dismiss & Summ. J. at unmarked 2). In its Reply, Caneel Bay appears to concede that *Hotel Association* is adversely dispositive to its case and abandons its Motion to Dismiss. (Def.'s Reply Mot. Summ. J. at 4 n.3).

In *Hotel Association*, the Third Circuit authoritatively determined that the NLRA does not preempt the WDA. *Hotel Association*, 218 F.3d at 246. Caneel Bay does not attempt to distinguish this case from *Hotel Association*. Accordingly, Caneel Bay's Motion to Dismiss shall be denied.

## 2. Motion for Summary Judgment

In its Motion for Summary Judgment, Caneel Bay argues that, in light of the ALJ's final decision that Harrilal had engaged in misconduct that resulted in her discharge, Harrilal should be precluded from litigating the factual issues surrounding her termination from employment in her wrongful discharge action. (Def.'s Mem. Supp. Summ. J. at 4). Caneel Bay contends that Harrilal must be collaterally estopped from challenging her termination because (1) the factual issues that were determined by the ALJ are the same factual issues in the case at bar, (2) the parties in the previous administrative action and the current action are identical, (3) the ALJ's determination is a final decision on the merits because Harrilal failed to appeal the ALJ's ruling within the time permitted, and (4) Harrilal had a full and fair opportunity to litigate on the merits the facts surrounding her termination. (*Id.* at 4-5). In support of its position, Caneel Bay cites *Jones v. United Parcel Service*, 214 F.3d 402 (3d Cir. 2000), wherein the court of appeals found that, according to the trends in Pennsylvania caselaw, a factual finding of physical capacity by a workers' compensation judge would preclude a plaintiff from claiming that he was disabled under the Americans with Disabilities Act ("ADA"). (*Id.* at 5-6). Caneel Bay also relies on *Charles v. Daily News Publishing Co.*, 29 V.I. 34 (Terr. Ct. St. C. 1994), in which the Court found that "it is possible to find willful misconduct under [section] 304(b)(3) [that] will preclude the losing party from further asserting a wrongful discharge [claim.]" (*Id.* at 6). Caneel Bay urges that, because the ALJ found that Harrilal was terminated for misconduct, she was not, as a matter of law, terminated for any other reason, and, thus, her wrongful discharge action must fail. (*Id.* at 7).

In her Opposition to Defendant's Motion for Summary Judgment, Harrilal concedes that a fact that is found in an administrative forum after a full and fair hearing cannot be relitigated at a later date in a judicial forum. (Pl.'s Mem. Opp. Def.'s Mot. Summ. J. at unnumbered 2). Harrilal contends, though, that the definition of "misconduct" under section 304(b)(3) of the UIA is not the same as the "grounds for discharge" under section 76(a) of the WDA. (*Id.*). Harrilal argues that "misconduct" under section 304(b)(3) is a general term that does not comport with the nine specifically enumerated grounds for discharge under section 76(a). (*Id.*). Harrilal claims that the factual basis upon which the ALJ denied her unemployment benefits, *i.e.*, willfully participating in the altercation with Blackwood, does not qualify as a permissible ground for discharge under section 76(a). (*Id.* at unmarked 3). Harrilal submits that, because the grounds for discharge under the UIA are less stringent than the grounds for discharge under the WDA, the ALJ's finding of misconduct under the UIA cannot preclude her claim of wrongful discharge under the WDA. (*Id.*).

In its Reply in Support of Summary Judgment, Caneel Bay disputes Harrilal's assertion that the "misconduct" standard for termination under the UIA is broader than the nine enumerated prerequisites for termination under the WDA. (Def.'s Reply Supp. Mot. Summ. J. at 2). Caneel Bay asserts that, according to the *Charles* court, a proper termination under the WDA may not preclude recovery of unemployment benefits under the UIA, but that a finding of misconduct under the UIA will preclude an action under the WDA. (*Id.* at 2-3). Finally, Caneel Bay argues that, because the WDA is comprehensive list of the possible grounds for lawful employee dismissal, Harrilal's acceptance of the ALJ's finding of facts proves that she was properly dismissed under the WDA. (*Id.* at 4).

Rule 56 of the Federal Rules of Civil Procedure provides that judgment shall be rendered in favor of the moving party "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The role of the court, however, is not to weigh the evidence for its truth or credibility, but merely to ascertain whether a triable issue of fact remains in dispute. *Suid v. Phoenix Fire & Marine Ins. Co.*, 26 V.I. 223, 225 (D.V.I. 1991). The nonmoving party receives "the benefit of all reasonable doubts and

inferences drawn from the underlying facts." *Aristide v. United Dominion Constructors, Inc.*, 30 V.I. 224, 226 (D.V.I. 1994).

Section 304(b) of the UIA provides that an insured worker shall not be denied benefits unless the Commissioner of the Department of Labor finds that the worker was discharged for misconduct. 24 V.I.C. § 304(b)(3). "Misconduct" under this section has been defined as:

> An act of wanton or willful disregard of an employer's interests, a deliberate violation of the employer's rules, a disregard for the standards of behavior which an employer has the right to expect from an employee, or negligence indicating an intentional disregard of the employer's interest or of [the] employee's duties and obligations to the employer.

*Jackman v. Heyliger*, 20 V.I. 536, 538-39 (D.V.I. 1984).

Section 76 of the WDA provides as follows:

> Unless modified by union contract, an employer may dismiss any employee:
>
> (1) who engages in a business which conflicts with his duties to his employer or renders him a rival of his employer;
> (2) whose insolent or offensive conduct toward a customer of the employer injures the employer's business;
> (3) whose use of intoxicants or controlled substances interferes with the proper discharge of his duties;
> (4) who wilfully [sic] and intentionally disobeys reasonable and lawful rules, orders, and instructions of the employer[;]
> (5) who performs his work assignments in a negligent manner;
> (6) whose continuous absences from his place of employment affect the interests of his employer;
> (7) who is incompetent of inefficient, thereby impairing his usefulness to his employer;
> (8) who is dishonest;
> (9) whose conduct is such that it leads to the refusal, reluctance or inability of other employees to work with him.

24 V.I.C. § 76(a) (1997 & Supp. 2001). Section 76 also provides that "[a]ny employee discharged for reasons other than those stated in subsection (a) of this section shall be considered to have been wrongfully

discharged[.]" 24 V.I.C. § 76(c). This provision establishes a presumption that an employee is wrongfully discharged if the discharge is for a reason other than one of the nine enumerated reasons contained in section 76(a). *Hess Oil V.I. Corp. v. Richardson*, 32 V.I. 336, 344-45, 894 F. Supp. 211 (D.V.I. 1995).

Under the doctrine of collateral estoppel, or issue preclusion, "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Dowling v. United States*, 493 U.S. 342, 347, 110 S. Ct. 668, 672, 107 L. Ed. 2d 708 (1990). Collateral estoppel "bars [the] relitigation of questions distinctly put in issue and directly determined adversely to the party against which the estoppel is asserted." *Carteret Sav. Bank v. Pelican Beach Props., Ltd.*, 27 V.I. 285, 290 (D.V.I. 1992) (internal citations omitted). The four traditional factors involved in a collateral estoppel determination are (1) the previous determination was necessary to the decision, (2) the identical issue was previously litigated, (3) the issue was decided in a decision that final, valid, and on the merits, and (4) the party that is being precluded from relitigating the issue was adequately represented in the previous action. *Hawksbill Sea Turtle v. FEMA*, 37 V.I. 526, 549, 126 F.3d 461, 475 (3d Cir. 1997). The Restatement, however, states that "[a]n adjudicative determination of a claim by an administrative tribunal does not preclude relitigation in another tribunal of the same or a related claim based on the same transaction if the scheme of remedies permits assertion of the second claim notwithstanding the adjudication of the first claim." RESTATEMENT (SECOND) OF JUDGMENTS § 83(3).

Although there are no binding cases on point, this Court is persuaded that Caneel Bay's Motion for Summary Judgment ultimately must fail. With respect to identity of issues, the analysis involved in a wrongful discharge action encompasses a separate set of policies and rights than a determination of unemployment benefits. *Cf. Rue v. K-Mart Corp.*, 456 Pa. Super. 641, 691 A.2d 498, 501 (Pa. Super. 1997) (holding that the public policy considerations undergirding Pennsylvania unemployment compensation law were insufficiently similar to an action for civil defamation). The stated purpose of the Labor Relations statutes, which include section 76, "is to encourage the friendly adjustment of employer-employee disputes through the practice and procedure of collective bargaining, and to protect the exercise by workers of full freedom of

150

association, self-organization, and designation of representatives of their own choosing[.]" V.I. CODE ANN. tit. 24, § 61. By contrast, the purpose of the UIA is to establish a general unemployment fund in order to assist "sustain the morale and conserve the skills and standards of living of those who became unemployed, by enabling them to meet their essential expenses for reasonable period until they are able to obtain suitable work." V.I. CODE ANN. tit. 24, § 301. Thus, the considerations at stake in a wrongful discharge action speak to larger issues of employee-employer relations than do the largely economic considerations of a grant or denial of unemployment benefits.[1]

■ Furthermore, the mission of the VIESA is to determine an applicant's eligibility for unemployment benefits, not to determine the culpability of the employer. *See Manning v. Alaska R.R. Corp.*, 853 P.2d 1120, 1125 (Alaska 1993) (noting that the Alaska Commissioner of Labor did not have jurisdiction to consider the elements of a wrongful discharge claim). The inquiry of the ALJ was limited solely to whether Harrilal engaged in "misconduct," as countenanced in section 304(b)(3), not whether she was wrongfully discharged in violation of section 76(a). *See Berrier v. Bizer*, 57 S.W.3d 271, 280 (Ky. 2001) (concluding that the issue before Kentucky's unemployment commission was not whether the plaintiff was wrongfully discharged, but whether she was terminated for good cause). Although there may be considerable overlap between the definition of "misconduct" and the nine enumerated elements of proper discharge under section 76(a), the language and the resulting scope of each provision are by no means identical.[2] Caneel Bay's reliance on *Jones* is misplaced because a finding of disability by the state administrative

---

[1] The *Rue* court also noted that allowing unemployment compensation determinations to foreclose later civil actions would transform each eligibility hearing into a full-blown adjudication, where each side would seek to secure an advantage in the event of any future civil proceedings. Such an outcome would undermine the purpose of the statute to afford quick relief to those in need. *See Rue*, 691 A.2d at 502-04.

[2] Indeed, section 76 does not contain the term "misconduct" or any allusion to "a disregard for the standards of behavior which an employer has a right to expect from an employee," which would appear to be the most likely ground for a finding of misconduct in Harrilal's case. *Compare Jackman*, 20 V.I. at 538-39, *with* 24 V.I.C. § 76(a). *Cf. Manning*, 853 P.2d at 1125 (noting a similar absence of equivalent language in Alaska's definition of misconduct and its definition of "just cause for discharge" under a collective bargaining agreement).

151

agency necessarily implicated a purely factual analysis with respect to the plaintiff's claim under the ADA, to wit: "Has the plaintiff recovered from his work-related injury?" *See Jones*, 214 F.3d at 406 (noting that the fact of the plaintiff's recovery was "irrefutable"). In this case, the issues at bar are separate questions: "Is Harrilal eligible for unemployment benefits?" and "Was Harrilal wrongfully discharged?" Because the factual predicates for both questions involve different requirements, *i.e.*, a finding of misconduct for section 304(b)(3) versus the existence of one of nine scenarios for section 76(a), an administrative determination that Harrilal was ineligible for unemployment benefits does not inform a finder of fact in a subsequent proceeding whether or not she was improperly terminated.

▮ Finally, Caneel Bay's suggestion that a factual finding under section 304(b)(3) should have a preclusive effect over any action under section 76(a) would read the statutory presumption of section 76(c) out of existence. The language of section 76(c) assumes that any dismissal upon any grounds different from those listed in subsection (a) is invalid on its face. *See* 24 V.I.C. § 76(c). Nothing in the language of the UIA or the WDA suggests that the grant or denial of benefits must foreclose a wrongful discharge claim or that a finding of misconduct will trump the presumptive effect of section 76(c). Caneel Bay relies heavily on *dicta* in *Charles*, which suggests that a finding of misconduct under section 304(b)(3) would invalidate a claim for wrongful discharge. *Charles*, 29 V.I. at 37. That language, which appears to be at odds with both the principles of issue preclusion and the respective scope of each statute, is *dicta* and, in any event, is not binding on this Court. Thus, because the issue wrongful discharge in this proceeding is different from the issue of eligibility for unemployment benefits, the invocation of collateral estoppel is not appropriate. Accordingly, Caneel Bay's Motion for Summary Judgment on this basis shall be denied.