

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-25-2008

# Gonzalez v. AMR Amer Air

Precedential or Non-Precedential: Precedential

Docket No. 06-5161

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Gonzalez v. AMR Amer Air" (2008). *2008 Decisions.* Paper 178.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/178

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-5161

_____

JOEL GONZALEZ,

Appellant

v.

AMR, AMERICAN AIRLINES;
EXECUTIVE AIRLINES, INC.

_____

On Appeal from the District Court of the Virgin Islands
(Division of St. Croix)
No. 98-cv-00218
District Judge:  Hon. Anne E. Thompson

_____

Argued on December 11, 2007

Before:  SCIRICA*, Chief Judge, SMITH and
ROTH, Circuit Judges

( Opinion filed November 25, 2008)


K. Glenda Cameron, Esquire  (ARGUED)
Lee J. Rohn, Esquire
Law Offices of Rohn and Cameron, LLC
1101 King Street, Suite 2
Christiansted, St. Croix
USVI,  00820

        Counsel for Appellant

---

    *This case was argued before the panel of Judges Smith, Nygaard and Roth.  After argument, Judge Nygaard recused himself in this matter.  Chief Judge Scirica replaces Judge Nygaard on the coram.

Charles E. Engeman, Esquire  (ARGUED)
Catherine L. Young, Esquire
Ogletree, Deakins, Nash, Smoak & Stewart, LLC
The Tunick Building, Suite 201
1336 Beltjen Road
Charlotte Amalie, St. Thomas
USVI,   00802

Counsel Appellees

———————

O P I N I O N

———————

**ROTH,** Circuit Judge:

Joel Gonzalez appeals the order of the District Court of the Virgin Islands, granting summary judgment against him. We hold that the District Court erred in concluding that a prior holding by an Administrative Law Judge (ALJ) in Gonzalez's unemployment compensation proceedings precluded litigation of Gonzalez's claim that he was wrongfully discharged. Accordingly, we will vacate the District Court's grant of summary judgment with respect to Gonzalez's wrongful discharge claim and remand this claim to the District Court. We will affirm the District Court's judgment in all other respects.

3

## I. Factual and Procedural Background

Prior to his discharge, Joel Gonzalez was employed as a station agent in St. Croix by Executive Airlines, Inc. (a subsidiary of AMR), doing business as American Eagle. On May 20, 1998, Gonzalez collected four twenty-dollar bills from a passenger for a ticket change fee. The fee was only $75, and Gonzalez gave change to the passenger from his own pocket. Gonzalez claims that he placed the $80 in a drawer by the boarding gate. The $75 payment was not recorded in American Eagle's computer system.

When the passenger complained that he was charged the ticket change fee a second time upon his return to St. Croix on May 25, Gonzalez remembered the earlier transaction. On May 26, Gonzalez asked his co-worker to look in the drawer by the boarding gate. His co-worker found $80, in three bills, one fifty, one twenty, and one ten. American Eagle suspended Gonzalez on May 27 while it investigated the incident. On June 12, 1998, Gonzalez was terminated on the ground that he had violated the American Eagle Executive Airline Rules and Regulations.

Gonzalez filed a claim for unemployment compensation with the Virgin Islands Employment Security Agency (VIESA). Section 304(b)(3) of the Virgin Islands Unemployment Insurance Act provides in part that an insured employee is entitled to unemployment benefits unless he was discharged for "misconduct." V.I. Code Ann., tit. 24, § 304(b)(3) (1997). Although the statute does not define the term "misconduct," case law has defined it as:

4

[A]n act of wanton or willful disregard of an employer's interests, a deliberate violation of the employer's rules, a disregard for the standards of behavior which an employer has a right to expect from an employee, or negligence indicating an intentional disregard of the employer's interest or of [the] employee's duties and obligations to the employer.

*Charles v. The Daily News Publishing Co.*, 29 V.I. 34, 36 (Terr. Ct. 1994) (*citing Jackman v. Heyliger*, 20 V.I. 536, 538-39 (D.V.I. 1984)).

VIESA denied Gonzalez's claim pursuant to Section 304(b)(3). Gonzalez appealed, and a hearing was conducted by a VIESA Administrative Law Judge. Gonzalez was represented by counsel at the hearing.

The ALJ affirmed the initial determination that Gonzalez was ineligible for unemployment benefits under Section 304(b)(3). The ALJ characterized Gonzalez's actions as "contrary to stated procedures and highly questionable." The ALJ made the following findings: that the collection of funds at the boarding gate was not unusual; that, although Gonzalez claimed he was too busy to record the transaction at the boarding gate, he was able to enter the passenger's name on the stand-by list; that the money retrieved from the boarding gate was in different denominations than the money collected from the passenger; and that the boarding gate was a heavily trafficked area. The ALJ cited the interpretation of "misconduct" under Section 304 and concluded,

5

> The failure of the Claimant [Gonzalez] to document the Administrative Service Charge as well as to ask his supervisor to not inform the general manager of this failure are in strict violation of the Employer's interests and a disregard for standards of expected behavior. The employee's duties are deemed, at best, a negligent act. The undersigned interprets said actions to be misconduct.

Gonzalez did not seek judicial review of the ALJ's decision, and it became final.

Two months later, Gonzalez filed suit against Executive Airlines, Inc. (his former employer), AMR, and American Airlines (collectively, the Airlines) in the District Court of the Virgin Islands. In his complaint, Gonzalez alleged wrongful discharge in violation of the Virgin Islands Wrongful Discharge Act, V.I. Code Ann., tit. 24, § 76; violation of American Eagle's employee manuals and rules and regulations; slander and defamation; intentional infliction of emotional distress; and negligent infliction of emotional distress. Gonzalez also brought a claim for punitive damages.

The Virgin Islands Wrongful Discharge Act provides that "[a]ny employee discharged for reasons other than those stated in [Section 76(a)] shall be considered to have been wrongfully discharged . . .. " V.I. Code Ann., tit. 24, § 76(c) (1997). This provision establishes a presumption that an employee has been wrongfully discharged if discharged for any reason other than those listed in Section 76(a). *Harrilal v. Blackwood*, 44 V.I.

6

144, 150 (Terr. Ct. 2001). Section 76(a) provides nine reasons justifying discharge:

> (a) Unless modified by union contract, an employer may dismiss any employee:
>
> > (1) who engages in a business which conflicts with his duties to his employer or renders him a rival of his employer;
> >
> > (2) whose insolent or offensive conduct toward a customer of the employer injures the employer's business;
> >
> > (3) whose use of intoxicants or controlled substances interferes with the proper discharge of his duties;
> >
> > (4) who wilfully and intentionally disobeys reasonable and lawful rules, orders, and instructions of the employer; provided,

7

however, the employer shall not bar an employee from patronizing the employer's business after the employee's working hours are completed;

(5) who performs his work assignments in a negligent manner;

(6) whose continuous absences from his place of employment affect the interests of his employer;

(7)is incompetent or inefficient, thereby impairing his usefulness to his employer;

(8) who is dishonest; or

(9) whose conduct is such that it leads to the refusal, reluctance or inability of other employees to work with him.

V.I. Code Ann., tit. 24, § 76(a) (1997 & 2008 Supp.).

8

The Airline moved for summary judgment, in part on the ground that the ALJ's decision in the VIESA proceedings precluded claims that Gonzalez's discharge was wrongful under any legal theory, including breach of contract. In the same motion, the Airline sought dismissal of the defamation and emotional distress claims for failure to state a claim and dismissal of the punitive damages claim on the ground that there is no separate cause of action for punitive damages.

The District Court granted summary judgment for the Airline. With respect to Gonzalez's claim under the Wrongful Discharge Act, the District Court found that the claim was precluded based on the ALJ's determination that Gonzalez had been discharged for "misconduct" within the meaning of the Unemployment Insurance Act. The District Court reasoned that Gonzalez had to prove that he was terminated for a reason other than "willful misconduct," as defined in Section 76(a)(4) (referring to an employee who "wilfully and intentionally disobeys reasonable and lawful rules, orders, and instructions of the employer"). The District Court determined that the issue to be decided in both the VIESA claim and the present case raised the identical factual question: "Was Plaintiff discharged for misconduct?" The District Court found further that Gonzalez had a full and fair opportunity to litigate that issue before VIESA because he was permitted to present witnesses and evidence and was represented by counsel at the hearing.

With respect to Gonzalez's other claims, the District Court dismissed Gonzalez's claim of violation of the employee manual in light of the preclusion of his wrongful discharge claim. The District Court dismissed the defamation and emotional distress

9

claims for failure to state a claim and denied Gonzalez's motion to amend the complaint with respect to the defamation claim, reasoning that such an amendment would be futile in light of the preclusion ruling. The District Court dismissed the punitive damages claim because Gonzalez conceded that there was no separate cause of action for punitive damages. Gonzalez appealed.

## II. **Discussion**

The District Court had jurisdiction under 28 U.S.C. § 1332 because there is diversity of citizenship of the parties and the amount in controversy exceeds $75,000. We have jurisdiction over this appeal from a final judgment of the District Court pursuant to 28 U.S.C. § 1291.

We review a grant of summary judgment *de novo*, applying the same standard that the District Court should have applied. *Caver v. City of Trenton*, 420 F.3d 243, 253 (3d Cir. 2005). Summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.* at 253-54.

Review of the District Court's application of issue preclusion is also plenary. *Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 248-49 (3d Cir. 2006). An agency determination "may be given preclusive effect in certain circumstances where the agency is acting in a judicial capacity." *Caver*, 420 F.3d at 258. Virgin Islands courts do not flatly prohibit the application of issue preclusion to unreviewed agency determinations in Wrongful Discharge Act claims. *See Harrilal*

10

*v. Blackwood*, 44 V.I. at 146, 150-52 (analyzing whether collateral estoppel applied to unreviewed determination by the VIESA ALJ in a subsequent wrongful discharge action). As such, we must give the same preclusive effect to VIESA's findings as would the Virgin Islands courts. *Jones v. United Parcel Service*, 214 F.3d 402, 405 (3d Cir. 2000).

Virgin Islands law requires four elements for the application of issue preclusion:

> (1) the previous determination was necessary to the decision, (2) the identical issue was previously litigated, (3) the issue was decided in a decision that [was] [*sic*] final, valid, and on the merits, and (4) the party that is being precluded from relitigating the issue was adequately represented in the previous action.

*Harrilal*, 44 V.I. at 150 (*citing Hawksbill Sea Turtle v. FEMA*, 126 F.3d 461, 475 (3d Cir. 1997)); *see also Charles*, 29 V.I. at 36.[1] The questions raised by this appeal are whether the issue in

---

[1]

In *Charles*, the Territorial Court described the four-prong test for issue preclusion as:

> (1) Was the issue determined in the prior action the same as that in the subsequent action?
> (2) Was the party against whom the defense is invoked identical to or in

11

the VIESA proceedings is identical to the issue presented by Gonzalez's wrongful discharge claim and whether Gonzalez had a full and fair opportunity to litigate his wrongful discharge claim in the VIESA proceedings.

The Territorial Court of the Virgin Islands (now the Superior Court) has previously considered whether a finding of "misconduct" under Section 304(b)(3) precludes a wrongful discharge claim under Section 76(a). In *Charles*, 29 V.I. 34, the Territorial Court held that VIESA's finding of no willful or deliberate misconduct on the employee's part was not identical to the issue of whether the employee had been wrongfully discharged. The Territorial Court noted, however, that "it is possible to find willful misconduct under § 304(b)(3) which will preclude the losing party from further asserting a subsequent wrongful discharge claim while disallowing issue preclusion when no willful misconduct is found in the initial proceeding." *Id.* at 37.[2]

privity with the party in the first action?
(3) Was the previous judgment final on the merits?
(4) Did the party have a full and fair opportunity to litigate on the merits?

29 V.I. at 36.

[2]In two subsequent unpublished opinions, the Territorial Court determined that a finding of "misconduct" in VIESA

12

In *Harrilal v. Blackwood*, 44 V.I. 144 (Terr. Ct. 2001), the Territorial Court held that a finding of "misconduct" in an unemployment compensation proceeding, which was based on the employee's involvement in a verbal and physical altercation with a co-worker, did not preclude the employee's wrongful discharge claim. The Territorial Court's decision was based in part on its conclusion that "[w]ith respect to identity of issues, the analysis involved in a wrongful discharge action encompasses a separate set of policies and rights than a determination of unemployment benefits." *Id.* at 150. However, the Territorial Court also reasoned,

> Because the factual predicates for both questions involve different requirements, *i.e.*, a finding of misconduct for section 304(b)(3) versus the existence of one of nine scenarios for section 76(a), an administrative determination that Harrilal was ineligible for unemployment benefits does not inform a finder of fact in a subsequent proceeding whether or not she was improperly terminated.

*Id.* at 152.

As in *Harrilal*, the salient inquiry here is whether Gonzalez's VIESA proceedings and his wrongful discharge claims present "identical" issues. We conclude that there are

proceedings precluded claims under the Wrongful Discharge Act. *See Bergin v. Purple Parrot, Inc.*, Civ. No. 687/1995 (Terr. Ct. V.I. Apr. 16, 1998); *Ramos v. Kmart Corp.*, Civ. No. 355/1998 (Terr. Ct. V.I. July 17, 1998).

13

legal and factual differences between the questions decided in Gonzalez's VIESA proceedings and those presented by his wrongful discharge claims so that issue preclusion does not apply.

In Gonzalez's VIESA proceedings, the ALJ had to determine whether Gonzalez's conduct constituted "misconduct" for purposes of Section 304(b)(3). As noted above, the term "misconduct" for purposes of Section 304 has been specifically defined by the Virgin Islands courts as

> an act of wanton or willful disregard of an employer's interests, a deliberate violation of the employer's rules, a disregard for the standards of behavior which an employer has a right to expect from an employee, or negligence indicating an intentional disregard of the employer's interest or of [the] employee's duties and obligations to the employer.

*Charles*, 29 V.I. at 36. The ALJ determined that Gonzalez's conduct met this definition because it was "in strict violation of the Employer's interests and a disregard for standards of expected behavior" and "at best, a negligent act."

Gonzalez's wrongful discharge claim, in contrast, presents the factual question of whether his conduct falls within the nine reasons for dismissal listed in Section 76(a). "Misconduct" as defined for purposes of Section 304(a) is not included among the permissible grounds for termination under Section 76(a). Not

14

surprisingly, given that the ALJ was charged only with determining whether Gonzalez's conduct constituted "misconduct," the ALJ's decision does not resolve which, if any, of the Section 76(a) grounds might apply to Gonzalez's case.

Accordingly, we find that the decision by the ALJ in Gonzalez's VIESA proceeding does not preclude his wrongful discharge claim.[3] We will vacate the District Court's grant of summary judgment on that ground.

Gonzalez raises no arguments on appeal with respect to the District Court's determination that he had failed to state a claim for breach of the employee manual, defamation, intentional or negligent infliction of emotional distress, or punitive damages. Nor does he challenge the District Court's denial of his motion to amend the complaint. As such, those issues have been waived. *Kachmar v. SunGard Data Systems, Inc.*, 109 F.3d 173, 184 n.2 (3d Cir. 1997).

## IV. <u>Conclusion</u>

Because the District Court erred in determining that Gonzalez's unemployment proceedings precluded litigation of his wrongful discharge claim, we will vacate the grant of summary judgment on that claim and remand it to the District

---

[3] We note that, in determining issue preclusion does not apply here, we are in no way holding that Gonzalez's discharge will not ultimately be found to fall within one of the nine reasons for discharge cited in Section 76(a).

15

Court for further proceedings.  We will affirm the judgment of the District Court's decision in all other respects.