NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1673

_____

TONY BURFORD, Individually, and on behalf of all others similarly situated,
                                                                    Appellant

v.

COUNTY OF DELAWARE; ANGELA L. MARTINEZ, Delaware County
Prothonotary, in her Individual and Official Capacities; PATRICIA ORESKOVICH,
Director of Court Financial Services, in her Individual and Official Capacities; PHILIP F.
PISANI, Director of Court Financial Services, in her Individual and Official Capacities
_____

On Appeal from the United States District Court
For the Eastern District of Pennsylvania
(D.C. No. 2-19-cv-0577)
District Judge:  Honorable John M. Younge
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 9, 2023

Before:  JORDAN, PHIPPS and ROTH, *Circuit Judges*

(Filed: May 2, 2023)
_____

OPINION*
_____

_____

    * This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7,
does not constitute binding precedent.

JORDAN, *Circuit Judge*.

Tony Burford appeals the District Court's grant of summary judgment for Appellees Delaware County and Angela Martinez. He argues that they violated the Fourteenth Amendment's Due Process Clause and the Fifth Amendment's Takings Clause when they withheld bail money that was owed to him. Because the money was withheld due to a random and unauthorized act of a Delaware County employee, rather than pursuant to any established procedure, there was no violation of Burford's constitutional rights. We will therefore affirm.

## I.    BACKGROUND[1]

In March 2017, a jury acquitted Burford of criminal charges in the Court of Common Pleas of Delaware County, Pennsylvania. Following his acquittal, the Court's Financial Services Office mailed Burford a bail refund check, but it failed to reimburse him for $1,116.80 in fees for "Constable and Live Scan Charges."[2] (App. at 6.) Noticing

---

[1] These background facts are drawn from Burford's appendix and are undisputed. On an appeal of an order granting summary judgment, we review the facts in the light most favorable to the party against whom summary judgment was granted. *Abraham v. Raso*, 183 F.3d 279, 287 (3d Cir. 1999).

[2] When a defendant is charged with a crime in the Court of Common Pleas of Delaware County, a cost clerk puts an entry on the docket for "Constable and Live Scan Charges." (App. at 6.) If the defendant is convicted, his bail money is used to pay those fees. But if the defendant is acquitted, or if the charges are dismissed or withdrawn, then the county must bear those costs. The judge's court clerk assigned to the defendant's case is supposed to bring the case file to the cost clerk in the Office of Judicial Support, who, in turn, removes the Constable and Live Scan Charges from the docket for the defendant's case. The Appellees do not dispute that the $1,116.80 was wrongly deducted from Burford's bail refund.

2

that he had not received a full refund, Burford called the Financial Services Office, the number for which was listed on the back of the reimbursement check. When Burford asked why he did not receive all of his money back, a Financial Services employee told him that he was not entitled to the $1,116.80.

Nearly two years later, in February 2019, Burford filed this individual and putative class action lawsuit in the United States District Court for the Eastern District of Pennsylvania, alleging federal claims and a state law conversion claim against Delaware County, Angela Martinez in her individual capacity and in her official capacity as the Delaware County Protonotary,[3] and Financial Services employees Patricia Oreskovich and Philip F. Pisani in their individual and official capacities. After learning of the error and lawsuit, Martinez offered on behalf of the County to pay Burford the proper refund amount. Burford declined the refund, preferring to proceed with litigation.

The complaint alleged the following six claims, the first five claims being asserted under 42 U.S.C. § 1983, against all defendants: a Fourteenth Amendment violation of procedural due process (Count I); a Fourteenth Amendment violation of substantive due process (Count II); an Eighth Amendment violation for imposition of excessive fines (Count III); a Fifth Amendment violation for taking of property (Count IV); and a *Monell* liability claim (Count V).[4] The sixth claim was for conversion under

---

[3] In her role as Delaware County Prothonotary, Martinez also serves as the Director of the Office of Judicial Support. The Office of Judicial Support is the Delaware County entity responsible for ensuring the accuracy of bail refund checks.

[4] Under *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978), a municipality may be held liable under 42 U.S.C. § 1983 for its employee's violation of a plaintiff's

3

Pennsylvania law (Count VI). Burford then filed an amended complaint, which repeated the *Monell* claim but only against Delaware County and Martinez in her official capacity, and which alleged the conversion claim against only Delaware County and Martinez in her individual capacity, but which was otherwise identical to the original complaint.

The District Court dismissed the substantive due process claim, the conversion claim against Delaware County, all claims against Oreskovich and Pisani, and all federal claims against Martinez.[5] *Burford v. Delaware Cnty.,* 2019 WL 7048796, at *8-*13 (E.D. Pa. Dec. 20, 2019). Burford then filed a motion to compel Delaware County to produce bail receipts for the past five years. The District Court denied that motion without prejudice.[6]

In March 2022, the District Court granted summary judgment for Delaware County on all remaining federal claims and declined to exercise supplemental jurisdiction over the ancillary Pennsylvania law claim for conversion against Martinez. This timely appeal followed, challenging the grant of summary judgment only as to the procedural due process and takings claims.

---

constitutional rights if the plaintiff can show that "the alleged constitutional transgression implements or executes a policy, regulation or decision officially adopted by the governing body or informally adopted by custom." *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996).

[5] Burford does not challenge the District Court's dismissal of those claims on appeal.

[6] Burford filed a second motion to compel, which requested the past ten years of criminal dockets. The District Court dismissed that motion as moot after it granted summary judgment for the Appellees.

**II.     DISCUSSION**[7]

**A.     Fourteenth Amendment Procedural Due Process Claim**

Burford asserts that Delaware County and Martinez violated his Fourteenth

Amendment procedural due process rights when they improperly withheld the Constable

and Live Scan Charges from his bail refund without first providing him notice and an

opportunity to be heard.  He argues that Delaware County could have provided him with

various kinds of notice.  He says, for example, that the County could have notified him

when he paid his bail that, if the criminal charges against him were dismissed, he would

not be assessed Constable and Live Scan Charges.

Procedural due process typically requires that the government afford an individual

pre-deprivation process in the form of some notice and an opportunity to be heard before

it can deprive him of property.  *Boddie v. Connecticut*, 401 U.S. 371, 379 (1971).  Pre-

deprivation process is not required, however, when the deprivation results from a

"random, unauthorized act by a state employee, rather than an established state

procedure," and "a meaningful postdeprivation remedy for the loss is available."  *Hudson*

---

[7] The District Court had subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.  We have appellate jurisdiction under 28 U.S.C. § 1291.  We exercise plenary review over the District Court's grant of summary judgment.  *Durmer v. O'Carroll*, 991 F.2d 64, 67 (3d Cir. 1993).  In reviewing an order granting summary judgment, we apply the same test employed by district courts under Federal Rule of Civil Procedure 56. *Kelley v. TYK Refractories Co.*, 860 F.2d 1188, 1192 (3d Cir. 1988).  An order granting summary judgment "is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."  *Gonzalez v. AMR*, 549 F.3d 219, 223 (3d Cir. 2008).  "An issue is genuine only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party, and a factual dispute is material only if it might affect the outcome of the suit under governing law."  *Kaucher v. County of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006).

*v. Palmer*, 468 U.S. 517, 532-33 (1985) (citing *Parratt v. Taylor*, 451 U.S. 527, 541 (1981)). Known as the *Parratt/Hudson* rule, this exception to the requirement that the government provide a pre-deprivation remedy accepts the practical reality that governments cannot predict when an employee will randomly deviate from established procedure, and it compensates for that fact by requiring that there be a suitable post-deprivation remedy.

The District Court correctly held that the *Parratt/Hudson* rule applied in this case. Cost clerk Susan Porreca testified that in 2017, someone contacted her to inquire about an incorrect bail refund, and that she and Martinez investigated the matter. They discovered that, in that defendant's case, the court clerk assigned to the case had brought the defendant's file directly to the filing room after dismissal, instead of bringing it to Porecca, who would have reduced the fees to zero. Upon learning of that mistake, Martinez reiterated to the court clerks that they must bring all criminal files terminating in an acquittal, dismissal, or withdrawal of charges to Porreca before taking the files to the court's file room. It is unrebutted that the deprivation at issue in this case was also caused by a "judge's clerk's failure to bring Plaintiff's case file to the cost clerk so that the Constable and Live Scan Charges could be adjusted, in negligent disregard of what the judge's clerk was required to do[.]" (App. at 11.) In light of established procedures, the mistake made in Burford's case was a "random and unauthorized action." *Hudson*, 468 U.S. at 532.

On appeal, Burford nevertheless argues that the deprivation, while unauthorized, was not random, and that the District Court ignored Porreca's testimony that such

deprivations had been going on for years.  During her deposition, Porreca testified that, from the time she became a cost clerk in 2010 until 2017, the judges' clerks often failed to bring her the files of defendants whose charges had been dismissed:

> Question: Would you also obtain other files of criminal defendants whose cases had either been dismissed, nol-prossed, or withdrawn?[8]
>
> Porreca: Not until the end of my time when I was doing costs, and I'll explain what I mean.
>
> Question: Please do.
>
> Porreca: For a while the court clerks would get the sentencing sheet.  And if it was nol-prossed or if it was anything else but guilty, let's put it that way, a lot of times they would do the sentencing, since there really was none, and they would close out the file and file it back into the filing room.  So we weren't even aware of that file because the sentencing department never received it because there was no sentencing.  And they just took it, scanned it to the file room, and the files were then placed in the file room.

(App. at 847) (reformatted for readability.)

Yet, as the District Court observed, "[a]fter three years of litigation and ample opportunities afforded by this Court, [Burford] could not identify anyone other than himself who received a bail refund check for less than the amount they were entitled to where [the Appellees] improperly retained Constable and Live Scan Charges."  (App. at 11.)  And, notably, the District Court allowed Burford "to advertise in local media and over the internet in order to locate other individuals who may have received bail refunds where Constable and Live Scan Charges were improperly deducted" yet he "was unable to locate any other individual from this advertising."  (App. at 11-12.)

_____

[8] A nolle prosequi is a "legal notice that a lawsuit or prosecution has been abandoned."  *Nolle prosequi*, *Black's Law Dictionary* (11th ed. 2019).

7

Thus, because the District Court afforded Burford ample opportunity to identify other individuals whose Constable and Live Scan Charges were improperly deducted by Delaware County, Burford's contention, based on Porreca's testimony, that other defendants must have had their charges improperly deducted amounts to speculation that the deprivation he suffered was not random. Burford's subjective belief is insufficient to raise a genuine issue of material fact.[9] *See Kaucher v. County of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006) ("An issue is genuine only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party, and a factual dispute is material only if it might affect the outcome of the suit under governing law.")

There were, in addition, several post-deprivation remedies available to Burford. Most obviously, Burford could have contacted the Office of Judicial Support, which still maintains that it will provide Burford with a refund at any time. The District Court also pointed to three remedies available under Pennsylvania law. Burford could have filed a

---

[9] Relatedly, Burford argues that the District Court abused its discretion in denying his motion to compel Delaware County to produce the past five years' bail receipts, which, in his view, would have shown a practice of improperly retaining Constable and Live Scan Charges from defendants' bail refunds. But as the Appellees explain, "the Administrative Office of Pennsylvania Courts (AOPC) owns and controls the Court docketing system, and employees at the Office of Judicial Support have limited authorization and access to utilize the system." (Answering Br. at 3) (citing App. at 367-68.) The District Court did not abuse its discretion in refusing to compel Delaware County to produce records of the bail receipts where the evidence indicates that Burford did not attempt to obtain those documents from the AOPC and the documents were not shown to be within Delaware County's possession, custody, or control. *See* Fed. R. Civ. P. 34(a)(1) (allowing a party to request documents within the responding party's "possession, custody, or control[.]").

8

"Return of Property Petition" under Pennsylvania Rule of Criminal Procedure 588,[10] a replevin claim, or a claim under the Municipalities Authorities Act ("the Refund Act"), 72 P.S. § 5566b, which entitles a party to a refund for improper payments made to a political subdivision of Pennsylvania.

Because the mistake in this case was a random and unauthorized clerical act that deviated from established procedure, and because there were sufficient post-deprivation remedies available to Burford to obtain the full reimbursement owed to him, there was no procedural due process violation.

### B.    Fifth Amendment Takings Claim

Burford next argues that the District Court erred in granting the defendants summary judgment as to his Fifth Amendment takings claim. He asserts that "[c]ontrary to the District Court's holding, [he] never received 'just compensation[,]' or any compensation for the money that [the Appellees] admit was wrongfully taken from him." (Opening Br. at 16.)

"The Takings Clause of the Fifth Amendment, applicable to the States through the Fourteenth Amendment, prohibits the government from taking private property for public use without just compensation." *Palazzolo v. Rhode Island*, 533 U.S. 606, 617 (2001) (internal citation omitted). But, as the District Court correctly observed, the Appellees "have already offered to provide Plaintiff with the entirety of amounts erroneously

---

[10] *See In re $300,000 in United States Currency*, 259 A.3d 1051 (Pa. Commw. Ct. 2021) (holding that Pennsylvania Rule of Criminal Procedure 588 allows an individual to file a civil action against the government to obtain the return of his property "regardless of whether the Commonwealth has filed criminal charges or a forfeiture action").

withheld ($1,116.80).  Accordingly, this alleged taking is not without 'just compensation.'"[11]  (App. at 16.)  It is therefore unsurprising that Burford has not identified a single instance in which we have held that a property deprivation resulting from a government employee's mistake and one that the government offers to correct, amounts to an unconstitutional taking.  Clerical errors are not constitutional violations.

## III.  CONCLUSION

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[11] Burford contends that "the offer to pay the Plaintiff the $1,116.80 was made during the litigation in an effort to settle the matter.  Pursuant to Fed. R. Evid. 408, it was impermissible for [the Appellees] to raise this fact in their Motion for Summary Judgment, and it certainly was impermissible for the District Court to rely upon this offer in support of its conclusion that the Plaintiff had been justly compensated."  (Opening Br. at 43.)

Whether the proposed refund of $1,116.80 constituted a settlement offer does not change the fact that Burford barely sought a remedy from Delaware County before filing suit in this case.  Burford relied on comments made by a single, unidentified Financial Services employee who purportedly told him that he was not entitled to a refund of the Constable and Live Scan Charges.  The Office of Judicial Support, the entity responsible for ensuring the accuracy of bail refund checks, therefore neither knew of the error nor had an opportunity to offer Burford a refund before he initiated litigation.  It strains reasoning, then, to accept Burford's claim that the Appellees refused to justly compensate him if he did not make any meaningful effort to identify and notify the entity responsible for ensuring the accuracy of bail refund checks that a portion of his bail refund was improperly withheld.