

Villanova University School of Law

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-9-2009

# Marier v. Lance Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4284

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Marier v. Lance Inc" (2009). *2009 Decisions.* Paper 1901.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1901

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-4284
_____

TERRY M. MARIER;
ELIZABETH D. MARIER,

Appellants

v.

LANCE, INC.

_____

On Appeal from the United States District Court
for the District of Western Pennsylvania
Civil No. 06-cv-01298
District Judge: Honorable Donetta W. Ambrose

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 1, 2008

Before: FISHER, CHAGARES, and HARDIMAN, Circuit Judges

(Filed: February 09, 2009)

_____

OPINION OF THE COURT

_____

CHAGARES, Circuit Judge.

Terry Marier and his wife, Elizabeth D. Marier, sued his former employer, Lance Inc., for defamation. The District Court granted summary judgment in favor Lance, finding that substantial truth was a defense to some of the alleged defamatory statements and that others were non-actionable opinion. The Mariers then appealed. We will affirm.

I.

Because we write solely for the benefit of the parties, we will only briefly summarize the essential facts. Terry Marier ("Marier") was employed by Lance as a salesman from 1974 until June, 2006. Edwin Allman was his district manager. The heart of this case concerns a June 5, 2006 altercation between Allman and Marier. On that date, Allman allegedly informed Marier that he was recommending that Marier be terminated because Marier had supposedly cursed at another manager. Allman then told other Lance employees who were present to take all of the Lance inventory out of Marier's truck. Marier wanted inventory to be taken of all of the goods in the truck because he was worried that Allman might claim there was a shortage of goods if an inventory was not taken.

A dispute then arose between Allman and Marier during which Allman asked Marier to leave, and Marier reiterated that he wanted an inventory taken of the goods. The police were eventually called by another Lance employee. Elizabeth Marier arrived

at the scene before the police arrived. Eventually, Allman assured Marier that he would not be held responsible for any shortages, and the Mariers left.

The Mariers allege that Lance employees, including Allman and Deb Smith, Lance's Human Resources Director for the Eastern Region, told other people at Lance that the Mariers had to be escorted off of Lance property by the police. The Mariers also claim that Allman told various people at Lance that Marier was "stalking him." Appellants' Br. at 11. This allegation arises out of an incident where Allman thought that he had seen Elizabeth Marier's car parked outside of his home. The Mariers also claim that Allman spoke with Smith, who told Jerry Estes, the Corporate Human Resources Director for Sales, that "Marier assaulted Allman, threatened to 'F___ me [Allman] up,' that Mrs. Marier threatened to kill Allman and her kids, and that Allman had to call the police on account of the Mariers' assault." Id.

## II.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1332. We have jurisdiction pursuant to 28 U.S.C. § 1291. This Court reviews the grant of summary judgment de novo. Gonzales v. AMR, 549 F.3d 219, 223 (3d Cir. 2008). "Summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Id. (citation omitted); see also Fed. R. Civ. P. 56(c). When analyzing a summary judgment claim, "we must view the facts in the light most favorable to the non-moving party, and draw all reasonable

3

inferences therefrom in that party's favor." <u>New Jersey Transit Corp. v. Harsco Corp.</u>, 497 F.3d 323, 325 (3d Cir. 2007) (citation omitted).

III.

The Mariers make three arguments: (1) that the defense of substantial truth should not apply to the statement that the Mariers were escorted by the police off of Lance property; (2) that the District Court erred when it found that the allegation that Marier "stalked" and "assaulted" Allman was non-actionable opinion; and (3) that the District Court erred when it found that the statements that Marier threatened to "'F___ [Allman] up'"and that Elizabeth Marier threatened to kill Allman, herself, and her children were not defamatory.

The Mariers first contend that the District Court erred when it found that substantial truth was a defense to the claim that the police had to be called to escort the Mariers off of Lance property on the day of the incident.[1] A plaintiff in a defamation action must prove the following under Pennsylvania law:

---

[1] In their brief, the Mariers' argument heading for this section states:

> Substantial truth is not a defense because the published libel that the Mariers had assaulted Allman and that the police had to be called to escort the Mariers off of Lance property differs from the pleaded truth that not only did the Mariers leave of their own accord, but the police officer actually gave Marier his card and told him he would vouch for him.

Appellants' Br. at 27. However, in this section, they do not discuss the issue of whether or not Marier was accused of "assaulting" Allman and its relationship to substantial truth, so this opinion will not address it.

4

> (1) The defamatory character of the communication. (2) Its publication by the defendant. (3) Its application to the plaintiff. (4) The understanding by the recipient of its defamatory meaning. (5) The understanding by the recipient of it as intended to be applied to the plaintiff. (6) Special harm resulting to the plaintiff from its publication. (7) Abuse of a conditionally privileged occasion.

42 Pa. Cons. Stat. § 8343. However, "[t]ruth is an absolute defense to a claim for defamation in Pennsylvania." Bobb v. Kraybill, 511 A.2d 1379, 1379 n.1 (Pa. Super. Ct. 1986) (citation omitted). "Truth" encompasses the defense of substantial truth. See 42 Pa. Cons. Stat. § 8342; see also Dunlap v. Phila. Newspapers, Inc., 448 A.2d 6, 15 (Pa. Super. Ct. 1982) (citing Robert D. Sack, Libel, Slander, and Related Problems 50-51, 137-38 (1980)) (noting "The literal 'truth' of a publication need not be established, only that the statement is 'substantially true.' The proof of 'truth' must go to the 'gist' or 'sting' of the defamation. The test is 'whether the [alleged] libel as published would have a different effect on the mind of the reader from that which the pleaded truth would have produced.'").

Here, the "sting" of the statement that the Mariers were escorted off the property by the police is not literally whether or not they were actually escorted off of the property by the police. Instead, the "sting" of the statement is that the police had to get involved in a dispute between the Mariers and Lance employees that day. It is undisputed that the police were called, and that they had interaction with the Mariers that day. We therefore agree with the District Court that this statement was substantially true.

5

The Mariers next argue that the District Court erred when it found that the statement that Marier "stalked" Allman was non-actionable opinion. In general, opinions do not provide a basis for a defamation action; however, if an opinion is based on undisclosed defamatory facts, there may be a cause of action for defamation. See Green v. Mizner, 692 A.2d 169, 174 (Pa. Super. Ct. 1997). Whether or not a statement is an opinion is a question of law. Id. But, "in cases where a plausible innocent interpretation of the communication coexists with an alternative defamatory interpretation, the issue must proceed to a jury." Id. (citation omitted).

The Court in Green explained that Pennsylvania has adopted the approach of the Second Restatement of Torts in determining whether a statement is an opinion:

> A simple expression of opinion based on disclosed or assumed nondefamatory facts is not itself sufficient for an action of defamation, no matter how unjustified and unreasonable the opinion may be or how derogatory it is. But an expression of opinion that is not based on disclosed or assumed facts and therefore implies that there are undisclosed facts on which the opinion is based, is treated differently.

Id. (citing Restatement (Second) of Torts § 566 cmt. c).

The District Court found that the statements at issue here were non-actionable opinion. The Court explained that there was no evidence that Allman ever used the word "stalk," and thus that the claim must fail on that basis. However, the Court went on to find that even if Allman did use the word "stalk," that the plaintiffs had not "refuted Allman's and Smith's testimony that Allman explained that a red car that he 'thought' or 'believed' belonged to Marier's wife, and that he 'thought' was driven by Marier, parked outside his

6

house briefly." Appendix (App.) 10 (District Court opinion). We agree with the District Court's finding on this issue.

First, Allman's statement about the car was an opinion, as he explained that he wasn't "100 percent sure" that it was Marier's car, and only asserted to others that he "thought" it was Marier's car. See App. 97-100 (Allman Dep.). Second, the statement was not based on undisclosed defamatory facts, as the facts underlying his opinion were disclosed. In addition, at least with regard to Smith, the basis for Allman's opinion had already been disclosed by the time that he made the statements. See Appellee's Br. at 17.[2]

The third and fourth statements at issue in this appeal are whether or not the statements that Marier allegedly said that he was going to "'F___ [Allman] up'" and that Elizabeth Marier threatened to kill herself, Allman, and her children were defamatory in nature. Appellants' Br. at 34. The District Court found that they were not.

To qualify as defamatory, a communication must "tend[] to harm the reputation of another so as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." Goralski v. Pizzimenti, 540 A.2d 595, 597-98 (Pa. Commw. Ct. 1988) (citations omitted). Statements which "are capable of conveying to the average reader imputations of involvement in or actual guilt of crimes involving moral turpitude" may be "capable of defamatory meaning." Corabi v. Curtis Pub. Co., 273 A.2d

---

[2] While it is unclear whether the Appellants are also basing their claim on Allman's alleged statement that Marier had "assaulted him," we find that that statement is also non-actionable opinion.

7

899, 907 (Pa. 1971). Furthermore, "[a] communication is also defamatory if it ascribes to another conduct, character or a condition that would adversely affect his fitness for the proper conduct of his proper business, trade or profession." Maier v. Maretti, 671 A.2d 701, 704 (Pa. Super. Ct. 1995). In analyzing whether or not a statement is defamatory, Pennsylvania courts have held that "[t]he nature of the audience seeing or hearing the remarks is . . . a critical factor in determining whether the communication is capable of a defamatory meaning." Goralski, 540 A.2d at 598 (citation omitted).

This Court must decide whether or not the statements are "'capable of a defamatory meaning.'" Corabi, 273 A.2d at 905 (citation omitted). If this Court decides that it is possible for the statements to have a defamatory meaning, then it is up to the jury to decide whether or not they actually did. Id.

Here, the District Court held that the statements were not defamatory because while they may have "embarrassed and annoy[ed]" the Mariers, they were made in the "limited forum" of Lance's human resources department, and did not "lower Plaintiffs' estimation in the community or deter third persons from associating with them." App. 12 (District Court opinion). The Mariers assert, however, that these statements implied that the Mariers committed a crime and that they could affect Marier's business reputation.

We agree with the District Court that the limited audience saves the statements from being defamatory as the communications took place within the context of the Lance Human Resources Department, and not the general community. See Maier, 671 A.2d at

8

705-06 (finding that a statement was made by "appellee to the branch manager and personnel director of Sears. The statement was not intended for a large audience; therefore, there was no harm to appellant's reputation in the community" and thus the statement was not defamatory). Thus, we will affirm the District Court's finding on this issue.

IV.

Accordingly, we will affirm the judgment of the District Court.