OPINION OF THE COURT
CHAGARES, Circuit Judge.
Ronald Whitmire and Jeffrey Glenn sued their employer, Kvaerner Philadelphia Shipyard, Inc. (KPSI), alleging racial discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981 and the Pennsylvania Human Relations Act (PHRA). The District Court granted summary judgment in favor of KPSI, finding that Glenn and Whitmire had not established a prima facie case of discrimination. The District Court also found that even if they had established a prima facie case, KPSI’s legitimate, nondiscriminatory reasons were not a pretext for discrimination. We will affirm.
I.
Because we write solely for the parties, we will only briefly summarize the essential facts. KPSI is a company which constructs container ships. Glenn and Whit-mire, who are both African-American, were hired by KPSI as Material Handlers in 2000. Initially, Glenn and Whitmire reported to Jim Minshall (“Minshall”). From 2002 until 2004, they reported to Matt LaRochelle (“LaRochelle”). At his deposition, Glenn testified that shortly after he was hired, he overheard LaRochelle state that he hoped Minshall would not “hire any more darkies.” Appendix (App.) 90.
Both Glenn and Whitmire are members of the Operating Engineers Union, Local 542. Prior to working at KPSI, neither of them had operated large cranes or worked in a shipyard. They were therefore hired at Transportation Level I, and classified as “indirect workers” under the collective bargaining agreement (CBA). Employees who had prior relevant experience were hired at Transportation Level II and classified as “direct workers” under the CBA. Direct workers have four pay levels: en *97 try, intermediate, final, and multi-skill. The indirect workers did not necessarily receive training on the same pieces of heavy equipment as did the direct workers.
On August 23, 2002, the union renegotiated its contract with KPSI. As part of the new agreement, eight employees who were indirect workers, including Glenn and Whitmire, were “grandfathered” into the direct worker category, but the new agreement limited their opportunities for advancement, mandating that they could only reach the “Intermediate” level of pay. Two of the employees to whom this provision applied, Ed Martin and Richard Ha-gendorf, are Caucasian.
Glenn and Whitmire claim that they were denied the opportunity to train on several pieces of equipment by LaRoc-helle, and that certain Caucasian employees — including Caucasian employees who were hired after them — were given that opportunity. They also contend that LaR-ochelle denied them “seat time,” or operating time, on the machines, and, as a result, they did not become proficient in using them. Glenn and Whitmire allege they lost certain overtime opportunities — and resulting overtime pay — because of their lack of training and “seat time.”
II.
The District Court had jurisdiction pursuant to 28 U.S.C. § 1331 and we have jurisdiction pursuant to 28 U.S.C. § 1291. This Court reviews the grant of summary judgment de novo. Gonzalez v. AMR, 549 F.3d 219, 223 (3d Cir.2008). “Summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.” Id. (citation omitted). See Fed.R.Civ.P. 56(c). When analyzing a summary judgment motion, “we must view the facts in the light most favorable to the non-moving party, and draw all reasonable inferences therefrom in that party’s favor.” New Jersey Transit Corp. v. Harsco Corp., 497 F.3d 323, 326 (3d Cir.2007) (citation omitted).
III.
Under Title VII, it is unlawful for an employer to “fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual’s race, color, religion, sex, or national origin.” 42 U.S.C. § 2000e-2(a). In the absence of direct evidence of discrimination, a plaintiff may prove discrimination according to the burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Under McDonnell Douglas, the plaintiff bears the initial burden of establishing a prima facie case of unlawful discrimination. Id. at 802, 93 S.Ct. 1817. If the plaintiff succeeds, the burden of production shifts to the employer to articulate a legitimate, nondiscriminatory reason for the employee’s termination. Id. Once the employer meets its “relatively light burden,” the burden of production returns to the plaintiff, who must show by a preponderance of the evidence that the employer’s proffered reason is pretextual. Fuentes v. Perskie, 32 F.3d 759, 763 (3d Cir.1994). Accordingly, once an employer has proffered a legitimate, nondiscriminatory reason, the plaintiff “generally must submit evidence which: 1) casts sufficient doubt upon each of the legitimate reasons proffered by the defendant so that a fact-finder could reasonably conclude that each reason was a fabrication; or 2) allows the factfinder to infer that discrimination was more likely than not a motivating or determinative cause of the adverse employment *98 action.” Id. at 762. Because the ultimate issue is whether “discriminatory animus” motivated the employer, it is not enough to show that the employer made a “wrong or mistaken” decision. Id. at 765 (citations omitted). Rather, the plaintiff must uncover “weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions” in the employer’s explanation that would allow a reasonable factfinder to believe that the employer did not truly act for the asserted reason. Id. (citation omitted).[1]
We will assume, without deciding, that Glenn and Whitmire have established a prima facie case of discrimination. KPSI has proffered two legitimate, nondiscriminatory reasons for its actions: that the employees who were always direct workers were given priority for training over the “grandfathered in” direct workers (the former indirect workers, including Glenn and Whitmire) because of their pri- or experience, see Appellee Br. at 25, and that because the “grandfathered in” employees were ineligible, by the terms of the CBA, to move beyond the intermediate level of pay, they were not eligible for more advanced training. Appellee Br. at 29-30.
Glenn and Whitmire have failed to show that these reasons were merely pretextual. They argue only that the CBA states that all workers shall be trained. We agree with the District Court that the CBA “certainly does not guarantee that every employee will be trained to perform jobs that would qualify them for more overtime hours or higher pay.” In any event, this assertion does not rise to the level of establishing “weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions” in KPSI’s arguments about why it trained the more experienced, original direct workers first. Fuentes, 32 F.3d at 765. In addition, LaRochelle’s alleged comment made years before the discriminatory actions claimed was isolated, and also did not meet Glenn and Whitmire’s burden to establish pretext. Cf. Keller v. Orix Credit Alliance, Inc., 130 F.3d 1101, 1111-12 (3d Cir.1997) (finding that even though the comment “[i]f you are getting too old for this job, maybe you should go hire one or two young bankers” was sufficient to establish an inference of discrimination, it was insufficient to show that discrimination was a determinative cause in plaintiffs termination because the comments were made four or five months prior to the termination and did not directly concern it).
Glenn and Whitmire have neither “cast sufficient doubt” on KPSI’s reasons so that we can “reasonably conclude that [the] reason was a fabrication” nor presented evidence which would lead us to conclude that discrimination was “more likely than not a motivating or determinative cause” of Glenn and Whitmire’s lack of training and seat time. Fuentes, 32 F.3d at 763. We will therefore affirm the District Court’s grant of summary judgment in favor of KPSI.[2]

. The same test is also used for PHRA claims and § 1981 claims. Jones v. School District of Phila., 198 F.3d 403, 410 (3d Cir.1999).

. Glenn and Whitmire also passingly state that their "job titles (and accordingly their pay rates) have been improperly manipulated by [KPSI] so that [Glenn and Whitmire] have not been paid appropriately for the work that they were doing.” Appellant Br. at 18-19. This kind of conclusory remark is not enough to defeat KPSI's motion for summary judgment.