**Nancy NUZZI, Appellant**

v.

**AUPAIRCARE, INC.; Fran Kurz.**

**No. 08–1210.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Nov. 21, 2008.

Filed: Aug. 12, 2009.

---

David Zatuchni, Esq., Zatuchni & Associates, Princeton, NJ, for Appellant.

Richard L. Bush, Esq., Powell, Trachtman, Logan, Carrle & Lombardo, King of Prussia, PA, for Aupaircare, Inc.; Fran Kurz.

Before: BARRY and CHAGARES, Circuit Judges and RESTANI, Chief Judge.[1]

## OPINION OF THE COURT

CHAGARES, Circuit Judge.

Nancy Nuzzi appeals from a grant of summary judgment in favor of defendants Aupaircare Inc., and Fran Kurz, Aupaircare, Inc.'s Mid–Atlantic Regional Manager (collectively, "APC"). For the reasons set forth below, we will vacate and remand.

### I.

Because we write only for the parties, we will only address the facts that are relevant to our analysis. Nuzzi, a New Jersey resident, was employed in New Jersey by APC, a California corporation, from 2004 until 2007. In February of 2007, she took maternity leave and planned to return to work that May. However, that April, she was terminated by APC, which claimed that she had been the subject of customer complaints. Nuzzi, believing this reason was false and was only a pretext to fire her because of her pregnancy, sued APC for violations of the New Jersey Family Leave Act ("NJFLA"), N.J.S.A. § 34:11B–1 to –16, and the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. § 10:5–1 to –42.

The central issue in the case surrounds the employment agreement between Nuzzi and APC. The agreement contains a choice of law, arbitration, and choice of forum provision, which states:

This Agreement shall be governed and construed in accordance with the laws of the State of California and any claims or disputes arising out of, or related to this Agreement will be determined by binding arbitration upon the petition of either party in San Francisco, California.

Appendix (App.) 84.

The District Court determined that the choice of law provision in the contract was valid and applicable, and therefore granted summary judgment in favor of APC. It did not reach the arbitration or forum selection clause issues. In finding that the choice of law provision governed Nuzzi's claims, the District Court emphasized that it was "unambiguous," that Nuzzi "freely entered into" the agreement, and that "[t]he choice of law provision was clearly stated." App. 12. The Court also explained that "the provision was set forth in the last section of the contract[], right before the signature lines; thus, the provision was not lost in the other terms of the agreement and it would be impossible for [Nuzzi] to not have seen it." *Id.* In addition, the Court found that the provision did not violate New Jersey public policy because, if Nuzzi were successful in her

---

1. The Honorable Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by designation.

claim, California's Fair Employment and Housing Act would give Nuzzi the same remedies that she could potentially receive under New Jersey law. Nuzzi then appealed to this Court.

## II.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1332. We have jurisdiction pursuant to 28 U.S.C. § 1291. This Court reviews the grant of summary judgment de novo. *Gonzalez v. AMR*, 549 F.3d 219, 223 (3d Cir.2008). "Summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Id.* (citation omitted). *See* Fed.R.Civ.P. 56(c). When analyzing a summary judgment claim, "we must view the facts in the light most favorable to the non-moving party, and draw all reasonable inferences therefrom in that party's favor." *New Jersey Transit Corp. v. Harsco Corp.*, 497 F.3d 323, 326 (3d Cir.2007) (citation omitted).

## III.

"In evaluating whether a contractual choice-of-law clause is enforceable, federal courts sitting in diversity apply the choice-of-law rules of the forum state. . . ." *Homa v. Am. Express Co.*, 558 F.3d 225, 227 (3d Cir.2009) (citations omitted). Generally, "when parties to a contract have agreed to be governed by the laws of a particular state, New Jersey courts will uphold the contractual choice if it does not violate New Jersey's public policy." *Id.* (citation, quotation marks, and emphasis omitted). Nuzzi contends that the choice of law provision in her agreement with APC should not govern for two reasons: first, because it applies only to contract claims arising out of the agreement, not to her statutory tort claims under the NJLAD and NJFLA, and second, because enforcing it would violate New Jersey's public policy.

While the New Jersey Supreme Court has not spoken directly to the issue of whether statutory claims under the NJLAD or NJFLA would be encompassed by the type of choice of law provision at issue here, its decision in *Garfinkel v. Morristown Obstetrics & Gynecology Assoc.*, 168 N.J. 124, 773 A.2d 665 (2001), provides guidance as to how it might interpret such a clause. In *Garfinkel*, the Court decided that a mandatory arbitration clause in an employment contract, which stated that the employee agreed to arbitrate "any controversy or claim arising out of, or relating to, this Agreement or the breach thereof" did not include the employee's claims under the NJLAD. *Id.* at 668, 672. In so finding, the Court explained that the provision "suggests that the parties intended to arbitrate only those disputes involving a contract term, a condition of employment, or some other element of the contract itself" rather than the employee's statutory claim. *Id.* at 672.

Perhaps more importantly, the Court also stated that "the policies that support the [NJ]LAD and the rights it confers on aggrieved employees are essential to eradicating discrimination in the workplace," and that New Jersey courts should "not assume that employees intend to waive [their rights under the NJLAD] unless their agreements so provide in unambiguous terms." *Id.* A waiver of statutory claims requires that an employee "at least ... agree[ ] to arbitrate all statutory claims arising out of the employment relationship or its termination" and "reflect the employee's general understanding of the type of claims included in the waiver, *e.g.*, workplace discrimination claims." *Id.*

Based on the reasoning of *Garfinkel*, we find that the language in Nuzzi's contract with APC is not broad enough to encompass her statutory claims under the NJLAD or NJFLA, and thus the choice of

law clause should not apply to them. Just as in *Garfinkel*, the language in Nuzzi's contract "suggests that the parties intended" for the provision to apply "only [to] those disputes involving a contract term, a condition of employment, or some other element of the contract itself," and not to her statutory discrimination claims. 773 A.2d at 672. Furthermore, we assume that New Jersey would follow the *Garfinkel* rationale in the choice of law context as well as the arbitration context, and require an employee to waive her statutory rights unambiguously in order to enforce a choice of law provision against her. Such a waiver did not occur here. The choice of forum provision in Nuzzi's agreement—which provides that San Francisco, California, should be the forum—should not be applied for the same reason.

*Garfinkel* is directly on point with regard to the arbitration question. The language in Nuzzi's contract is almost identical to the language in the *Garfinkel* contract, and just as the arbitration provision in *Garfinkel* was not broad enough to encompass the employee's statutory claim, the language in Nuzzi's contract with APC is insufficient to compel her to arbitrate her claims under the NJLAD or NJFLA. *Compare* App. 84 (stating that Nuzzi agreed to arbitrate "any claims or disputes arising out of, or related to this Agreement") *with* 773 A.2d at 668, 672 (invalidating arbitration provision where employee agreed to arbitrate "any controversy or claim arising out of, or relating to, this Agreement or the breach thereof"). Therefore, the choice of law, choice of forum, and arbitration clauses in Nuzzi's agreement with APC do not include her NJLAD or NJFLA claims under New Jersey law.

## IV.

Accordingly, the judgment of the District Court will be vacated, and we will remand to the District Court for further proceedings consistent with this opinion.