CHAGARES, Circuit Judge.
Appellants Baretta Bentley and Pernela Haynes (collectively “plaintiffs”) appeal the District Court’s grant of summary judgment in favor of their former employer, Millennium Healthcare Centers II, LLC, doing business as CareOne at Dunroven, formerly known as Dunroven Healthcare Center (“Dunroven”). We will affirm.
I.
Because we write solely for the benefit of the parties, we will only briefly summarize the essential facts. Prior to their termination, plaintiffs worked as certified nurse’s aides (“CNAs”) at Dunroven. On December 15, 2004, plaintiffs and two other CNAs, Alta Marie Brutus and Marcia Grant, were working their regular shift from 3:00 p.m. to 11:30 p.m. The CNAs that were scheduled to begin the next shift were unable to replace them, and a nurse asked all four on-duty CNAs if they could stay past the end of their shifts. None of them agreed to stay, and they all clocked-out at the scheduled end of their shifts. The following day, Dunroven fired all four CNAs.
On December 17, 2004, two Dunroven Administrators' — Margot Domingo, licensed nursing home administrator, and Helen Graca, human resources and accounts payable clerk — interviewed each of the terminated employees and obtained written statements describing their moti *893 vations for refusing to work beyond their scheduled shifts.
Bentley explained that she had left because her blood pressure was high and that she needed to go home to take medication. She claimed that a nurse (not employed by Dunroven) had taken her blood pressure, but she was unable to substantiate this version of events. Haynes explained that she left because she had seen the CNA who was scheduled to replace her arrive to start her shift, but this CNA did not clock in until approximately 12:30 a.m., and Haynes later admitted that she left because her brother had arrived to give her a ride home.
Grant explained that she left because she had experienced a bad asthma attack on the previous day, had visited her treating physician on the morning before her shift, and had felt tightness in her chest during her shift on December 15. Grant later verified this account with a fax from her physician, who indicated that Grant had been to his office on December 15. Brutus explained that she left because her oldest son left home at approximately the same time as she typically returned home, and she was concerned about leaving her other, younger children at home unattended. This concern was corroborated by Graca’s testimony that she had previously assisted Brutus with an investigation by the Department of Youth and Family Services into a neighbor’s complaint that minor children had been left unattended at Brutus’ home.
After these interviews, Grant and Brutus were rehired, but plaintiffs were not. Plaintiffs claim Grant and Brutus were rehired because they were younger; at this time, Bentley was sixty-six years old, Haynes was sixty-one years old, and Grant and Brutus were each forty-five years old. Dunroven claims that Grant and Brutus were rehired because they provided verifiable information regarding their decision to leave work on December 15, whereas plaintiffs did not.
Bentley and Haynes each filed actions against Dunroven, alleging that they had been terminated because of their ages, in violation of the Age Discrimination in Employment Act (“ADEA”), 29 U.S.C §§ 621-634, and the New Jersey Law Against Discrimination (“NJLAD”), N.J. Stat. Ann. §§ 10:5-1-10:5-49, and in breach of their employment contracts. Their cases were consolidated, and on October 22, 2008, Dunroven moved for summary judgment. The parties stipulated to the dismissal of plaintiffs’ contract claims, and by Order dated January 21, 2009, the District Court granted summary judgment for Dunroven, dismissing plaintiffs’ age discrimination claims. The District Court found that plaintiffs had established a prima facie case of discrimination but failed to show Dunroven’s legitimate, non-discriminatory reason for the adverse employment actions was a pretext for discrimination.
II.
The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367(a), and this Court has jurisdiction pursuant to 28 U.S.C. § 1291. This Court reviews the District Court’s grant of summary judgment de novo, applying the same standard that the District Court was obligated to apply. Gonzalez v. AMR, 549 F.3d 219, 223 (3d Cir.2008). “Summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.” Id. (citation omitted); see Fed.R.CivJP. 56(c). On summary judgment, “we must view the facts in the light most favorable to the non-moving party, and draw all reasonable inferences therefrom in that party’s favor.” N.J. Transit Corp. v. Har- *894 sco Corp., 497 F.3d 323, 326 (3d Cir.2007) (citation omitted).
III.
We evaluate plaintiffs’ claims following the burden-shifting framework established by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), which applies to plaintiffs’ claims under both the ADEA and the NJLAD. Monaco v. Am. Gen. Assur. Co., 359 F.3d 296, 300 (3d Cir.2004). Under the McDonnell Douglas framework, a plaintiff bears the initial burden of establishing a prima facie case of unlawful discrimination. McDonnell Douglas, 411 U.S. at 802, 93 S.Ct. 1817. If the plaintiff succeeds in establishing a prima facie case, the burden then shifts to the employer to articulate a legitimate, nondiscriminatory reason for the employee’s termination. Id. If the employer is able to articulate such a reason, the plaintiff must then show that the proffered reason was a pretext for a racially discriminatory decision. Id. at 804-05, 93 S.Ct. 1817.
Plaintiffs established a prima facie case of discrimination by demonstrating that they were over 40, that they were qualified for their positions, that they suffered adverse employment actions, and that Dun-roven retained (by firing and rehiring) two significantly younger employees who were similarly situated to the plaintiffs. Dunro-ven met its burden of production by articulating a legitimate, non-discriminatory reason for its decision: that the two rehired employees presented legitimate and verifiable excuses for their behavior, whereas plaintiffs did not. We agree with the District Court that plaintiffs failed to meet their ultimate burden of establishing that Dunroven’s proffered justification was pre-textual or that discrimination was a factor in Dunroven’s decision.
Plaintiffs have not presented any evidence suggesting that they were terminated, and the other two CNAs rehired, because of the age differences. Instead, plaintiffs argue that Dunroven’s proffered justification was pretextual by highlighting certain discrepancies in the testimony regarding the circumstances under which Dunroven’s employment decisions were made: one witness did not know why Grant and Brutus were hired, Plaintiffs-Appellants’ Br. 14 (citing Appendix (“App.”) 318-19), another witness did not recall why plaintiffs were terminated, id. 15 (citing App. 355-56), and several of the witnesses appeared to disagree on who was specifically responsible for the employment decisions, id. 15-20 (citing App. 293-95, 297-98, 306, 345, 348-49, 350-52). None of these apparent inconsistencies casts doubt on the reason that Dunroven terminated plaintiffs while retaining the other two CNAs involved in the same incident. Plaintiffs have therefore failed to meet their burden to show Dunroven’s legitimate, nondiscriminatory reason for the adverse employment action was a pretext for discrimination.
Plaintiffs remaining contentions also lack merit. Plaintiffs argue that discrimination cases often turn on factual questions, id. 24, and that employment discrimination can be subtle and difficult to detect, id. 25-26. Neither of these observations warrant reversing the District Court’s grant of summary judgment. Plaintiffs also point out that New Jersey anti-discrimination law occasionally deviates from federal law, id. 28-29; see McKenna v. Pac. Rail Serv., 32 F.3d 820, 828 (3d Cir. 1994), but plaintiffs face the same burden under both statutes. “[U]nder New Jersey law, as under federal law, plaintiffs have always retained the ultimate burden of demonstrating that the actions they challenged were due to discrimination.” McKenna, 32 F.3d at 828 (citations omit *895 ted). Plaintiffs failed to meet their burden to demonstrate that Dunroven’s proffered justification was pretextual, and the District Court properly granted summary judgment for Dunroven.
IV.
For the foregoing reasons, we will affirm the judgment of the District Court.